UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ABSORPTION PHARMACEUTICALS, LLC, <br> Plaintiff(s), <br> RECKITT BENCKISER, LLC, <br> Defendant(s). | Case No. 2:17-cv-00513-JCM-NJK <br> ORDER <br> (Docket No. 20) |

Pending before the Court is Defendant's motion to stay discovery. Docket No. 20. Plaintiff filed a response in opposition and Defendant filed a reply. Docket Nos. 24, 25. The Court finds this motion properly decided without oral argument. *See* Local Rule 78-1. For the reasons discussed below, the motion is **GRANTED**.

Defendant seeks an order staying discovery pending resolution of its motion to dismiss. Docket No. 20. *See also* Docket No. 6. In asking the Court to stay discovery, Defendant focuses primarily on the portion of its motion related to personal jurisdiction. *See* Docket No. 20 at 5-10. While the filing of a motion to dismiss for lack of personal jurisdiction does not automatically result in an order staying discovery, such a motion "strongly favors a stay, or at a minimum, limitations on discovery until the question of jurisdiction is resolved." *Kabo Tool Co. v. Porauto Indus. Co.*, 2013 U.S. Dist. Lexis 53570, at *2 (D. Nev. Apr. 15, 2013) (quoting *AMC Fabrication, Inc. v. KRD Trucking W., Inc.*, 2012 U.S. Dist. Lexis 146270, at *2 (D. Nev. Oct. 10, 2012)). Courts are more inclined to stay discovery pending resolution of such a motion because it presents a "critical preliminary question." *Kabo Tool Co.*, 2013 U.S. Dist. Lexis 53570, at *2 (quoting *AMC*

*Fabrication*, 2012 U.S. Dist. Lexis 146270, at *2). The Court agrees with Defendant that, in this case, discovery should be stayed pending the resolution of the critical preliminary question of personal jurisdiction.[1]

Accordingly, Defendant's motion to stay discovery, Docket No. 20, is hereby **GRANTED**. If Defendant's motion to dismiss is not granted in full, the parties shall file a joint proposed discovery plan within seven days of the issuance of the order resolving the motion to dismiss.

IT IS SO ORDERED.

DATED: April 28, 2017.

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] Plaintiff also submits that "if this Court determines that the current record is insufficient to support jurisdiction over" Defendant, then Plaintiff "should be permitted to take jurisdictional discovery to develop the record." Docket No. 24 at 9. This is typically an issue that the assigned District Judge will resolve. *See, e.g.*, Hologram USA, Inc. v. Cirque du Soleil My Call, LLC, 2014 U.S. Dist. Lexis 164604, at *3-*4 (D. Nev. Nov. 24, 2014) (citing *AMC Fabrication*, 2012 U.S. Dist. Lexis 146270, at *4).